### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MICHAEL JOSEPH WRIGHT,

        Plaintiff,

v.                                     Case No:   6:24-cv-196-WWB-LHP

ELLIOTT JAMES EDWARDS,
MATTHEW A. KOZYRA and
THOMAS W. POULTON,

        Defendants

---

### ORDER

    This cause came on for consideration without oral argument on the following motion filed herein:

| |
|---|
| **MOTION:   PLAINTIFF WRIGHT EXPEDITED MOTION FOR SANCTIONS (Doc. No. 16)** |
| **FILED:      March 22, 2024** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**.[1] |

---

[1] Because the undersigned is denying Plaintiff's motion, the undersigned issues this Order rather than a Report and Recommendation.  *See Laltitude, LLC v. Freshetech, LLC*, No. 6:21-CV-1879-PGB-LHP, 2022 WL 14636889, at *5, n. 7 (M.D. Fla. Oct. 24, 2022) ("Given that the Court denies the requested sanction of dismissal, the undersigned issues an Order, rather than a Report and Recommendation."); *Berber v. Wells Fargo Bank, N.A.,*

Plaintiff Michael Joseph Wright, proceeding *pro se*, moves for sanctions under Federal Rule of Civil Procedure 11(c) against Defendants based on the filing of a motion to dismiss Plaintiff's original complaint (Doc. No. 10; *see also* Doc. No. 1). Doc. No. 16.   The undersigned denied the motion to dismiss as moot on March 15, 2024 when Plaintiff filed an amended complaint (Doc. No. 12).   Doc. No. 14.[2] Defendants have filed a response in opposition to Plaintiff's sanctions motion. Doc. No. 21.   Upon review of Plaintiff's motion and Defendants' response, the undersigned finds that the motion (Doc. No. 16) is due to be denied for failure to comply with the requirements of Rule 11(c).

The Court may impose sanctions under Rule 11 "when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success; or (3) is filed in bad faith for an improper purpose."

---

No. 16-24918-CIV, 2018 WL 10436237, at *1, n.1 (S.D. Fla. Nov. 8, 2018) ("Even [where] a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction,' then the order is treated as not dispositive under Federal Rule of Civil Procedure 72(a).") (first quoting *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995), then citing *QBE Ins. v. Jorda Enters., Inc.*, 277 F.R.D. 767, 683 n.2 (S.D. Fla. 2012) (explaining that magistrate judge has authority to enter a sanctions order, as opposed to a report and recommendations, when sanctions are denied)).

[2] Defendants thereafter moved to dismiss the amended complaint (Doc. Nos. 15, 26), and the undersigned has issued a Report and Recommendation recommending that the motions be granted and the amended complaint dismissed.   Doc. No. 41.   The Report and Recommendation remains pending before the Presiding District Judge.

*Silva v. Pro Transp., Inc.*, 898 F.3d 1335, 1341 (11th Cir. 2018) (quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)).   Rule 11 "incorporates an objective standard."   *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). The Court must "determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified."   *Id*.

Rule 11(c), the provision under which Plaintiff seeks sanctions, requires that a motion for sanctions be made separately from other motions, it cannot be embedded in a request for other relief.   Fed. R. Civ. P. 11(c)(2).   Further, such motion must be served on the opposing party pursuant to Federal Rule of Civil Procedure 5, and may not be presented to this Court for twenty-one (21) days after the service of the motion for sanctions, in order to provide the party time to withdraw its challenged paper.   *Id*.   In other words, Rule 11 "requires the moving party to serve the motion for sanctions on opposing counsel at least twenty-one days prior to filing it with the court."   *In re Miller*, 414 F. App'x 214, 216 (11th Cir. 2011).   *See also Meunier Carlin & Curfman, LLC v. Scidera, Inc.*, 813 F. App'x 368, 375 (11th Cir. 2020) ("A party seeking sanctions must first serve its Rule 11 motion on the opposing party—and allow 21 days for the offending party to cure the potential problem.").

It is this requirement — otherwise known as the "safe harbor" provision — that Plaintiff has failed to satisfy.   Plaintiff does not address the "safe harbor"

- 3 -

provision in his motion, nor provide any evidence that he gave advance notice of his motion to any Defendant or that he afforded any Defendant 21 days within which to withdraw the motion to dismiss prior to Plaintiff filing the motion for sanctions.   *See* Doc. No. 16.   "The purpose of Rule 11(c)(2)'s safe harbor provision is to allow an attorney who violates Rule 11 to correct the alleged violation within twenty-one days without being subject to sanctions."   *Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010).   Plaintiff did not provide such an opportunity to Defendants or their counsel.   Accordingly, the motion for sanctions is **DENIED.**[3]   *See Milledge v. McClellan*, No. 3:20-cv-269-BJD-PDB, 2021 WL 9544884, at *1 (M.D. Fla. Mar. 23, 2021) (denying Rule 11(c) motion for sanctions based on an alleged false contention in a motion to dismiss where plaintiff failed to comply with the "safe harbor" provision).   *See also Laltitude, LLC v. Freshetech, LLC*, No. 6:21-CV-1879-PGB-LHP, 2022 WL 14636889, at *5 (M.D. Fla. Oct. 24, 2022) ("The request for Rule 11 sanctions is also due to be denied because Defendants' motion fails to demonstrate compliance with the Rule 11 safe harbor provision.").

---

[3] Because Plaintiff failed to comply with the "safe harbor" provision of Rule 11(c), the undersigned need not address the merits of the motion.   That said, the undersigned questions whether the motion would have any merit given Defendants' renewed motion to dismiss which raises the same *res judicata* argument, and for which the undersigned has issued a Report and Recommendation agreeing with Defendants' argument.   *See* Doc. Nos. 10, 15, 41.

**DONE** and **ORDERED** in Orlando, Florida on November 4, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties