**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MICHAEL JOSEPH WRIGHT,

      Plaintiff,

v.                                                                       Case No:   6:24-cv-196-WWB-LHP

ELLIOTT JAMES EDWARDS,
MATTHEW A. KOZYRA and
THOMAS W. POULTON,

      Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   DEFENDANTS' MOTION FOR RULE 11 SANCTIONS (Doc. No. 33)
>
> **FILED:**     May 29, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice as premature**.

On January 29, 2024, Plaintiff Michael Joseph Wright, appearing *pro se*, filed a "Complaint for Violation of Civil Rights" against Defendant Elliot James Edwards (a deputy sheriff), asserting claims under 42 U.S.C. § 1983 and 18 U.S.C. § 242.  Doc.

No. 1. Attorneys Matthew A. Kozyra, Esq., and Thomas W. Poulton, Esq. appeared as counsel for Defendant Edwards on February 28, 2024 and filed a motion to dismiss the complaint. Doc. Nos. 9–10. Plaintiff thereafter filed an amended complaint on March 7, 2024, adding claims under 42 U.S.C. § 1985(3) and 18 U.S.C. § 241, and adding Attorneys Kozyra and Poulton as Defendants. Doc. No. 12. As is relevant for the present motion, Plaintiff alleges that Defendants Kozyra and Poulton conspired with Defendant Edwards to deprive Plaintiff of his rights, based on Kozyra's and Poulton's appearance in this case and their filing of a motion to dismiss Plaintiff's initial complaint. *Id.*, at 12–13. Plaintiff also filed a motion for sanctions against all Defendants for the filing of the motion to dismiss. Doc. No. 16. The Court previously denied that motion for failure to comply with the safe harbor provisions of Federal Rule of Civil Procedure 11. Doc. No. 44.

Now before the Court is the above-styled joint motion for Rule 11 sanctions, filed on behalf of all three Defendants. Doc. No. 33. Defendants argue that the claims Plaintiff asserts in his amended complaint (Doc. No. 12), and the arguments raised in his motion for sanctions (Doc. No. 16), are not warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, are presented for an improper purpose (to harass and intimidate Defendants Kozyra and Poulton), and that Plaintiff is a vexatious litigator. *Id.* Defendants request that the Court impose sanctions against Plaintiff under Rule 11, to include an award

of Defendants' fees and costs spent defending this action, and an injunction against Plaintiff requiring him to obtain leave of Court prior to filing any new *pro se* lawsuits. *Id.*, at 18–19. Plaintiff has filed a response in opposition. Doc. No. 36.

Upon consideration, Defendants' motion (Doc. No. 33) will be denied without prejudice as premature. *See E-Z Dock, Inc. v. Snap Dock, LLC*, No. 2:21-cv-450-SPC-NPM, 2021 WL 4050951, at *1 (M.D. Fla. Aug. 31, 2021) ("Courts normally consider Rule 11 motions attacking pleadings at the end of litigation."). Defendants' arguments are premised on the objectively baseless nature of Plaintiffs' allegations in the amended complaint, which Defendants contend was filed for an improper purpose. Doc. No. 33. More specifically, Defendants contends that Plaintiff's claims against Defendant Edwards are barred by the doctrine of *res judicata*, that Plaintiff cannot assert a civil claim under 18 U.S.C. § 241, a federal criminal statute, and that the conspiracy claim fails against Defendants Kozyra and Poulton as a matter of law because it is based solely on actions they took within the scope of their representation of Defendant Edwards. *Id.*, at 16–17. Defendants also point to Plaintiff's motion for sanctions, arguing that the motion has no basis in law. *Id.*, at 17.

Thus, upon review, most of Defendants' arguments for sanctions under Rule 11 seek to test the veracity, substance, or merits of the allegations of Plaintiff's amended complaint. *See* Doc. No. 33. Moreover, several of the bases for Rule 11

sanctions are the same grounds raised in Defendants' motions to dismiss, the merits of which have not yet been resolved. *See* Doc. No. 41–43 (Report and Recommendation regarding the motions to dismiss and Plaintiff's objections, all of which remain pending before the Presiding District Judge). Under these circumstances, and because the basis for Defendants' request for Rule 11 sanctions is the pleadings, it is appropriate to deny the request for sanctions under Rule 11 without prejudice as premature. *See, e.g.*, *E-Z Dock, Inc.*, 2021 WL 4050951, at *1 (denying motion for Rule 11 sanctions without prejudice to renewal after adjudication of the claims raised in the complaint where the case was in its infancy); *Ayala v. Nissan N. Am., Inc.*, No. 6:20-cv-1625-Orl-RBD-GJK, 2021 WL 2474435, at *1–2 (M.D. Fla. Mar. 8, 2021) (denying without prejudice as premature motion for rule 11 sanctions where the motion alleged that the complaint was frivolous and repeated arguments made in a pending motion to dismiss); *Wheeler v. Lake Rousseau Resort, LLC*, No. 5:20-cv-172-Oc-30-PRL, 2021 WL 3501097, at *1–2 (M.D. Fla. Feb. 8, 2021) (denying without prejudice as premature motion for sanctions under Rule 11 filed in the midst of a case because "a Rule 11 motion is not an avenue to seek repleading under Rule 12 or a judgment on the merits of a party's position under Rule 56"); *United States ex rel. Bell v. Cross Garden Care Ctr., LLC*, No. 8:16-cv-961-T-27AEP, 2020 WL 3971832, at *2 (M.D. Fla. July 14, 2020) (denying without prejudice as premature motion for Rule 11 sanctions based on an allegedly objectively

- 4 -

frivolous complaint that lacked a reasonable basis, finding the motion more properly renewed at the close of the litigation). *See also Bigford v. BESM, Inc.*, No. 12-61215-CIV, 2012 WL 12886184, at *2 (S.D. Fla. Oct. 12, 2012) ("Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits.") (quotations and citations omitted).

Accordingly, Defendants' Motion for Rule 11 Sanctions (Doc. No. 33) is **DENIED WITHOUT PREJUDICE AS PREMATURE.** Defendants may renew their request for Rule 11 sanctions after adjudication of Plaintiff's claims as appropriate.

**DONE** and **ORDERED** in Orlando, Florida on November 13, 2024.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties