UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL JOSEPH WRIGHT,

        Plaintiff,

v.                                                                           Case No.: 6:24-cv-196-WWB-LHP

ELLIOTT JAMES EDWARDS,
MATTHEW A. KOZYRA and THOMAS
W. POULTON,

        Defendants.
                                         /

## ORDER

THIS CAUSE is before the Court on Defendant Edwards's Motion to Dismiss (Doc. 15) and Defendants Kozyra and Poulton's Motion to Dismiss (Doc. 26). United States Magistrate Judge Leslie Hoffman Price issued a Report and Recommendation ("**R&R**," Doc. 41), in which she recommends that Defendants' Motions be granted, and Plaintiff's Amended Complaint (Doc. 12) be dismissed without leave to amend. Plaintiff filed Objections (Doc. 42) and a Supplement to Objections (Doc. 43).

**I.    BACKGROUND**

No party has objected to the relevant background as fully set forth in the R&R, and it is hereby adopted and made a part of this Order accordingly. (Doc. 41 at 2–6).

**II.    LEGAL STANDARD**

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The

district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990).  The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement.  *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)).  The court will not consider "[f]rivolous, conclusive, or general objections."  *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

## III.   DISCUSSION

In the R&R, the Magistrate Judge recommends that Plaintiff's § 1983 claim be dismissed under the doctrine of res judicata, and that Plaintiff's remaining claims be dismissed for failure to state a claim.  The Magistrate Judge further recommends that dismissal be without leave to further amend his pleading because amendment would be futile.  Plaintiff does not object to the substance of these holdings.  Instead, Plaintiff argues that the R&R shows "arbitrary discrimination" by the Magistrate Judge because she recommends holding that Defendants either properly complied with Local Rule 3.01(g) or that the Court excused any failure to do so in this case.  (Doc. 42 at 2).  As the R&R notes, Defendants "supplemented the motion after filing to clarify the issues regarding conferral and service" and "the parties ultimately conferred on the motions," "Plaintiff was sent copies thereof," and "Plaintiff had an adequate opportunity to respond."  (Doc. 41 at 8 n.4; *see also* Doc. 20 at 1–2).  As such, this objection merely rehashes and parses arguments already rejected by the R&R to disagree with the Magistrate Judge's conclusion.  Plaintiff fails to state how this recommendation is

discriminatory or unfairly prejudices him. As noted in the R&R, even if Defendants did not fully comply with Local Rule 3.01(g), Plaintiff had notice of the Motions and a fair opportunity to respond to the substance thereof. Accordingly, Plaintiff's objections will be overruled.

Plaintiff also argues that the Motions fail to comply with the font requirements set forth in this Court's January 13, 2021 Standing Order. While Plaintiff is correct that the Motions are not in compliance with the January 13, 2021 Standing Order, Plaintiff fails to demonstrate how this shows any bias against him as a pro se litigant. The Court has not stricken any filings by Plaintiff in this case for failure to comply with the Standing Order and the Standing Order specifically states that the Court *may* strike or deny filings for failure to comply. In practice the Court routinely issues parties, both represented and non-represented, one or more warnings before filings are stricken without leave to refile. (*See, e.g.*, Doc. 40). Plaintiff's objection will be overruled.

Finally, Plaintiff argues that the R&R is itself arbitrarily discriminatory against him because the R&R was issued without oral argument. Plaintiff does not provide any explanation as to why the lack of oral argument gives rise to an equal protection injury other than mere conclusory assertions that the Court is not required to sustain. Accordingly, this objection will also be overruled.

### IV. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 42) and Supplement to Objections (Doc. 43) are **OVERRULED**.

2. The Report and Recommendation (Doc. 41) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. Defendant Edwards's Motion to Dismiss (Doc. 15) is **GRANTED**.

4. Defendants Kozyra and Poulton's Motion to Dismiss (Doc. 26) is **GRANTED**.

5. Plaintiff's Amended Complaint (Doc. 12) is **DISMISSED** without further leave to amend.

6. The Clerk is directed to terminate any pending motions and close this case.

**DONE AND ORDERED** in Orlando, Florida on March 28, 2025.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party